IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| ANNETTE HEARD, Individually and as Executor of the Estate of ANNIE LEE SMITH Deceased,<br><br>Plaintiff<br><br>v.<br><br>CSX TRANSPORTATION, INC.<br><br>Defendant | Civil Action No.: CV298-180 |

# ORDER

Plaintiff brought the instant action against CSX Transportation, Inc. ("CSXT"), asserting a claim against CSXT pursuant to Georgia negligence law. Plaintiff contends that the Decedent contracted an asbestos-related disease as a result of Decedent's alleged exposure in her household to asbestos dust emitting from the work clothing of family members who worked for CSXT. Defendant CSXT has moves this Court, pursuant to Fed. R. Civ. P Rule 56 for summary judgment regarding Plaintiff's clothing exposure claims against CSXT.

To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact, and that the undisputed facts, viewed in a light most

1

favorable to the party opposing the motion, warrant judgment as a matter of law. Fed. R. Civ. P. Rule 56. In the case at bar, Plaintiff's entire claim against the railroad is based on a claim of exposure from the work clothing of family members who worked for CSXT. CSXT contends that no such cause of action exists under Georgia negligence law and that it is thus entitled to Summary Judgment.

The Georgia Supreme Court answered a question certified to that court by the United States Court of Appeals for the Eleventh Circuit that disposes of this issue. In *Williams v. CSX Trans., Inc.*, 608 S.E.2d 208, 210 (Ga. 2005), the court held, with regard to an identical factual scenario, that "Georgia negligence law does not impose any duty on an employer to a third-party, non-employee, who comes into contact with its employee's asbestos-tainted work clothing at locations away from the workplace."

It is undisputed that Plaintiff's claims against CSXT are entirely based on the Decedent's alleged asbestos exposure from the clothing of her family members who were CSXT employees. Accordingly, Plaintiff's Decedent is a third party non-employee of CSXT, as was the plaintiff in *Williams*. This Court finds and concludes that the *Williams* decision thus requires that CSXT be granted summary judgment as a matter of law as to Plaintiff's Complaint.

THEREFORE, based on the foregoing, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant CSX Transportation, Inc.'s Motion for Summary Judgment Regarding Clothing Exposure Claims is hereby GRANTED.

So ORDERED this the 22 day of July, 2005.

_____
Judge, United States District Court
Southern District of Georgia

2